**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:14-cr-00121-GMN-VCF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| STANLEY JOE POLK, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Stanley Joe Polk's ("Defendant") Motion to Modify Conditions of Supervised Release, (ECF No. 38). The Government filed a Response, (ECF No. 39), and Defendant filed a Reply, (ECF No. 43). Additionally, the Court received a report from the U.S. Probation Office. For the reasons discussed below, Defendant's Motion to Modify Conditions of Supervised Release, (ECF No. 38), is **GRANTED in part and DENIED in part**.

**I.     BACKGROUND**

On October 23, 2014, Defendant pled guilty to Transportation of an Individual for the Purpose of Prostitution, 18 U.S.C. § 2421. (*See* Mins of Proceeding, ECF No. 26). On March 10, 2015, Defendant was sentenced to 46 months in custody and 20 years of supervised release. (J., ECF No. 31). In regard to Defendant's term of supervised release, the Court imposed certain conditions of supervision, including the following special condition: "Sex Offender Treatment – You shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the probation officer. . . ." (*Id.*). Defendant's supervision commenced on August 3, 2017. Defendant now moves to modify the conditions of his supervised release.

## II. LEGAL STANDARD

Title 18 Section 3583(e)(2) of the United States Code allows a court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release[.]" 18 U.S.C. § 3583(e). When making this determination, a court considers (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence of criminal conduct; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a).

## III. DISCUSSION

In the instant Motion, Defendant requests that the Court "modify conditions of [Defendant's] supervised release to remove the special condition of polygraph testing." (Mot. to Modify Conditions ("Mot.") 3:2–3, ECF No. 38). Defendant argues that polygraph testing is "unnecessary since he has successfully completed this condition for a significant time." (*Id.* 2:20–21). Defendant emphasizes that polygraph testing is unreliable and that it subjects him to the risk of a significant deprivation of liberty. (*Id.* 2:14–20).

The Government responds that "[D]efendant was convicted of trafficking a juvenile for prostitution. Polygraph testing in connection with sex offender treatment in this case serves the statutory sentencing purposes of public protection, deterrence, and rehabilitation." (Resp. 2:10–13, ECF No. 39) (citing 18 U.S.C. §§ 3583(d), 3553(a)(2)(B)–(D)).

Defendant replies by reiterating the arguments made in his Motion and clarifying that he seeks that the Court remove both polygraph and truth verification testing. (Reply 2:26, ECF No.

43). Further, Defendant argues that this type of testing will not help shape a course of treatment for him, nor serve as a deterrent because such tests do not provide "the motivation to be truthful during the examination (because the exam does not reliably indicate truthful responses) nor the incentive to refrain from prohibited activity (because the exam does not reliably uncover deceitful responses)." (*See* Reply 5:13–6:1).

In contrast, the Probation Office's report recommends that Defendant's Motion be denied, and indicates that due to the nature of Defendant's offense, Defendant should be subject to polygraph and truth verification testing for a period of at least five years and obtain a successful discharge from sex offender counseling before consideration is made to remove the testing component of the sex offender treatment condition.

Upon review of the parties' arguments and relevant filings, the Court denies Defendant's request to remove the polygraph and truth verification testing component of the sex offender treatment condition. First, the Court is not persuaded by Defendant's argument that continued polygraph and truth verification testing subjects him to the risk of a significant deprivation of liberty. Treatment providers use testing as an aid to ensure that they are addressing the appropriate issues related to a particular defendant's sexual history and any current or future sexual deviancy. Moreover, polygraph testing is "a relatively unintrusive means of evaluating a defendant's risk of engaging in sexual misconduct." *United States v. Hohag*, 893 F.3d 1190, 1194 (9th Cir. 2018) (citing *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006)). As such, the Court will not remove the polygraph and truth verification component at this time. Defendant will continue sex offender treatment, which may include polygraph and truth verification testing, as approved by the probation officer. However, taking the Probation Office's report into account, the Court will hold the sex offender treatment condition in abeyance upon completion of five years of testing and Defendant's successful discharge from sex offender counseling.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Conditions of Supervised Release, (ECF No. 38), is **GRANTED in part and DENIED in part**. The Court denies Defendant's request to remove the polygraph/truth verification component of the sex offender treatment condition at this time. However, upon completion of five years of polygraph/truth verification testing and Defendant's successful discharge from sex offender counseling, the Court will hold the condition in abeyance.

**DATED** this __16__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court